UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINA STURKEY, et al.,

    Plaintiffs,

vs.

Case No. 17-10221
HON. GEORGE CARAM STEEH

DUTY FREE AMERICAS, INC.,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. 12) AND DENYING PLAINTIFFS' CORRECTED MOTION FOR LEAVE TO AMEND COMPLAINT (DOC. 13)

Plaintiffs Gena Sturkey, Latoya Jones, Corlette Person, Yun Bonilla, Suchet Guha, Nancy Tarevski, Ping Moceri, Aminat Ahmed, Jie Wu, Junying Lu, Hexhire Agolli, Lester Berry, Faye Jones, and Hazel Hager bring numerous state-law claims against their former employer Duty Free Americas, Inc. This matter is presently before the Court on plaintiffs' motions for leave to file an amended complaint. Plaintiffs filed their first motion, titled "motion for leave to amend complaint to add a new party and count," on November 20, 2017. (Doc. 12). Plaintiffs filed a second motion, titled "corrected motion for leave to amend complaint to add a new party and count," on November 30, 2017. (Doc.13). Defendant responded to the

first motion on December 4, 2017. (Doc. 14). Defendant responded to the second motion on December 14, 2017. (Doc. 16). Plaintiffs filed a reply on December 26, 2017. (Doc. 17). Pursuant to Local Rule 7.1(f)(2), the Court shall rule without oral argument. For the reasons stated below, Plaintiffs' first motion to amend, (Doc. 12), is GRANTED IN PART AND DENIED IN PART and plaintiffs' second motion to amend, (Doc. 13), is DENIED.

## I. Background

Defendant, a national travel retailer, employed plaintiffs pursuant to a sales and/or service contract with Detroit Metro Airport. (Doc. 1 at PageID 2-3). On or about December 2015, defendant lost its contract with Detroit Metro Airport. (Doc. 1 at PageID 3). Defendant's contract term was scheduled to end on September 19, 2016. (*Id.*). In February 2016, Bud Silloway met with plaintiffs to discuss severance pay. (*Id.*). Silloway stated that plaintiffs would receive a severance payment equal to one week of wages for every year of employment if plaintiffs worked through the end of the Detroit Metro Airport contract. (*Id.*).

Plaintiffs continued working for defendant until the Detroit Metro Airport contract ended. (Doc. 1 at PageID 3-4). Defendant thereafter provided plaintiffs with their severance payments. (Doc. 1 at PageID 4). These payments, however, were equal to half of one week's wages for

every year of employment. (*Id.*). In a letter dated October 6, 2016, Silloway corrected his previous statement and explained that defendant's usual policy only compensated for half of one week's employment for every year of employment. (*Id.*). Plaintiffs filed this suit in the Eastern District of Michigan on January 24, 2017 to recover additional severance payment. (Doc. 1).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Id.*

A court confronted with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). "[N]aked assertions devoid of further factual enhancement" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain "detailed" factual allegations, but its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

### III. Analysis

**A. Plaintiffs' First Motion for Leave to Amend**

Plaintiffs' seek leave to amend their complaint to (1) add Eva Vigh as an additional plaintiff, and (2) add an additional count against defendant.

Plaintiffs assert that Eva Vigh was also employed by defendant, believed she would receive a severance payment equal to one week's salary for each year of employment, but instead received only half of that amount. Vigh's claims appear identical to plaintiffs' so the Court shall GRANT plaintiffs' leave to amend their complaint to include Vigh.

Plaintiffs' second request, however, must be denied. Plaintiffs' motion, incorrectly filed as an exhibit, states interest in adding a Title VII

claim. (Doc. 12-1 at PageID 108). The proposed amended complaint, (Doc. 12), incorrectly filed as the motion as opposed to an exhibit, states:

**COUNT-VIII**
**DISCRIMINATION ON THE BASIS OF RACE OR NATIONAL ORIGIN IN VIOLATION OF TITLE VII**

92. Plaintiff incorporates by reference all allegations from proceeding paragraphs as if they were alleged herein.

93. Section 42 U.S.C. § 1981 (b) prohibits discrimination on the basis of race or national origin in the making and enforcing of employment decisions.

94. Plaintiffs belong to a protected class based on race and/or alienage.

95. Defendant discriminated against Plaintiffs in violation of the Civil Rights Act 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991.

96. Specifically, Defendant denied Plaintiffs the right to enforce a binding employment contract as alleged herein.

97. Upon information and belief, Plaintiffs' race and or alienage was a motivating factor in preventing Plaintiffs from enforcing the contract alleged herein.

98. In doing these acts, Defendant acted intentionally.

99. In doing these acts, Defendants acted with malice or reckless indifference to Plaintiffs' rights thereby entitling Plaintiffs to an award of punitive damages.

100. Defendant's actions had a disparate impact Plaintiffs, who are members of a protected class.

101. Defendant's actions cannot be justified by business necessity, but even if it could be so justified, less discriminatory alternatives exist that could equally serve any alleged necessity.

102. To remedy the violations of their Plaintiffs, secured by Section 1981, Plaintiffs request that the Court award them the relief prayed for below.

(Doc. 12 at PageID 12-13). While the title of the proposed Count VIII lists a Title VII claim, plaintiffs' repeatedly cite to 42 U.S.C. § 1981. Plaintiffs' also reference § 1981 in their motion. (Doc. 12-1 at PageID 110) ("Plaintiffs bring this claim pursuant to the Civil Rights Act 1866, 42 U.S.C. §§ 1981 (b) and (c) . . . which prohibits [ ] discrimination in the making and enforcing of contracts based on race and[/]or alienage."). The Court shall therefore examine the futility of a Title VII claim as well as a § 1981 claim.

Plaintiffs' proposed Title VII claim is futile because plaintiffs do not include any allegations regarding filing an EEOC charge or receiving a "right to sue" letter. "An individual may not file suit under Title VII if she does not possess a 'right to sue' letter from the EEOC." *Fritz v. FinancialEdge Cmty. Credit Union*, 835 F. Supp. 2d 377, 381 (E.D. Mich. 2011) (citing *Rivers v. Barberton Bd. of Educ.,* 143 F.3d 1029, 1032 (6th Cir.1998)). As such, plaintiffs' proposed claim could not survive a motion to dismiss. *Dixon v. Ohio Dep't of Rehab. & Correction*, 181 F.3d 100 (6th Cir.

1999) (table) (finding the district court properly dismissed a Title VII claim where the plaintiff "did not allege that he had filed an EEOC charge and received a right-to-sue letter."). The Court shall not permit amendment.

Plaintiffs' proposed 42 U.S.C. § 1981 claim is also futile. "A cause of action under § 1981 may be brought when a plaintiff has suffered an injury flowing from the racially-motivated breach of his contractual relationship with another party." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013). "[A] plaintiff must plead and prove that (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006). A plaintiff must "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference" that the defendant discriminated against the plaintiff with respect to his or her race. *Han*, 541 F. App'x at 626.

Plaintiffs proposed amended complaint is devoid of facts that would allow the Court to draw a reasonable inference that defendant discriminated against plaintiffs with respect to their race and/or alienage.

For example, plaintiffs do not specify their race and/or alienage or allege facts that permit the Court to infer that race and/or alienage factored into defendant's actions. Instead, plaintiffs rely on conclusory allegations forbidden under *Iqbal.* 556 U.S. at 678.

**B. Plaintiffs' Second Motion for Leave to Amend**

Plaintiffs' seek leave to amend their complaint to (1) add Eva Vigh as an additional plaintiff, and (2) add an additional count against defendant. As stated above, the Court shall grant plaintiffs' previous request, (Doc. 12), to add Vigh. As such, plaintiffs' repeated request, (Doc. 13), is moot.

Plaintiffs also seek to add a claim under the Elliott-Larsen Civil Rights Act (ELCRA). (Doc. 13 at PageID 115). The proposed amended complaint, (Doc. 13-1), states:

**COUNT VIII**
**DISCRIMINATION ON THE BASIS OF RACE**
**IN VIOLATION THE ELLIOT-LARSEN CIVIL**
**RIGHTS ACT ("ELCRA")**

92. Plaintiffs incorporate by reference all allegations in the proceeding paragraphs.

93. At all material times, Plaintiffs were employees, and Defendant was an employer covered by, and within the meaning of, the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

94. Defendant's conduct, as alleged herein, violated the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., which makes it unlawful to

discriminate against an employee on the basis of his or her membership in a protected class.

95. A respondeat superior relationship existed because Defendant had the ability to undertake or recommend tangible decisions affecting, or the authority to direct, Plaintiffs' daily work activity, as alleged in the statement of facts.

96. All Plaintiffs were part of a protected class with respect to their ethnicity and/or national origin.

97. Plaintiffs were subjected to offensive communication or conduct on the basis of their membership in this protected class.
98. The communication and/or conduct was unwelcomed.

99. The unwelcomed conduct and/or communication was intended to, or in fact did, substantially interfere with the Plaintiffs' employment, or created an intimidating, hostile, or offensive work environment, as alleged in the statement of facts.

100. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiffs have sustained loss of earnings, loss of earnings capacity, fringe benefits, and have suffered mental anguish, emotional distress, humiliation, embarrassment, and loss of professional reputation.

101. Plaintiffs request relief as described in the Prayer for Relief below.

(Doc. 13 at PageID 128-29).

Plaintiffs' proposed ELCRA claim is futile because plaintiffs do not allege facts from which the Court can conclude that plaintiffs' proposed

discrimination claim is plausible. Plaintiffs again fail to provide specifics; for example, the ethnicities and/or national origins that place them in a protected class. Furthermore, plaintiffs plead only conclusory allegations based on unspecified and unsupported claims of "information and belief." As such, the Court cannot make the reasonable inference that defendant interfered with plaintiffs' work environment or created a hostile work environment. Plaintiffs' corrected motion for leave to amend their complaint is, therefore, DENIED.

## IV. Conclusion

For the reasons stated above, plaintiffs' first motion to amend, (Doc. 12) is GRANTED IN PART AND DENIED IN PART and plaintiffs' second motion to amend, (Doc. 13), is DENIED.

IT IS SO ORDERED.

Dated: August 1, 2018

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 1, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk