UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINA STURKEY, et al.,

        Plaintiffs,

                              Case No. 17-10221
vs.                            HON. GEORGE CARAM STEEH

DUTY FREE AMERICAS, INC.,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (DOC. 18) AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 19) AS MOOT

Plaintiffs Gena Sturkey, Latoya Jones, Corlette Person, Yun Bonilla, Suchet Guha, Nancy Tarevski, Ping Moceri, Aminat Ahmed, Jie Wu, Junying Lu, Hexhire Agolli, Lester Berry, Faye Jones, and Hazel Hager and prospective plaintiff Eva Vigh[1] bring numerous state-law claims against their former employer Duty Free Americas, Inc. This matter is presently before the Court on two motions. Pursuant to Local Rule 7.1(f)(2), the Court shall rule without oral argument.

---

[1] Plaintiffs' filed two motions for leave to amend their complaint to add Eva Vigh as a plaintiff in November 2017. Defendant filed its motion to dismiss and/or for summary judgment before the Court granted plaintiffs' leave to amend to add Eva Vigh. Defendant's motion, however, argued that even if Vigh was permitted to join this case, the Court still lacks subject matter jurisdiction.

- 1 -

The Court shall first address defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and/or for summary judgment, which was filed on January 5, 2018, (Doc. 18). Plaintiffs responded on February 5, 2018. (Doc. 22). Defendant filed a reply on February 26, 2018. (Doc. 24).

Thereafter, the Court shall consider plaintiffs' motion for partial summary judgment, which was filed on January 5, 2018. (Doc. 19). Defendant filed a response on February 5, 2018. (Doc. 21). Plaintiffs' filed a reply on February 26, 2018. (Doc. 23).

For the reasons stated below, defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. (Doc. 18). As such, plaintiffs' motion for partial summary judgment is DENIED AS MOOT. (Doc. 19).

## I. Background

Defendant, a national travel retailer, employed plaintiffs pursuant to a sales and/or service contract with Detroit Metro Airport. (Doc. 1 at PageID 2-3). On or about December 2015, defendant lost its contract with Detroit Metro Airport. (Doc. 1 at PageID 3). Defendant's contract term was scheduled to end on September 19, 2016. (*Id.*). In February 2016, Bud Silloway met with plaintiffs to discuss severance pay. (*Id.*). Silloway stated that plaintiffs would receive a severance payment equal to one week of

wages for every year of employment if plaintiffs worked through the end of the Detroit Metro Airport contract. (*Id.*).

Plaintiffs continued working for defendant until the Detroit Metro Airport contract ended. (Doc. 1 at PageID 3-4). Defendant thereafter provided plaintiffs with their severance payments. (Doc. 1 at PageID 4). These payments, however, were equal to half of one week's wages for every year of employment. (*Id.*). In a letter dated October 6, 2016, Silloway corrected his previous statement and explained that defendant's usual policy only compensated for half of one week's employment for every year of employment. (*Id.*). Plaintiffs filed this suit in the Eastern District of Michigan on January 24, 2017 to recover additional severance payment. (Doc. 1). Plaintiffs assert seven claims; breach of contract, (Count I), intentional misrepresentation, (Count II), negligent misrepresentation, (Count III), innocent misrepresentation, (Count IV), promissory estoppel, (Count V), unjust enrichment, (Count VI), and declaratory relief, (Count VII).

## II. Legal Standard

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light

most favorable to the non-moving party." *Id.* (emphasis in original). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations" and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (emphasis in original). A challenge regarding the amount in controversy is a factual attack. *See Allstate Ins. Co. v. Renou*, 32 F. Supp. 3d 856, 860 (E.D. Mich. 2014).

"Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n,* 287 F.3d 568, 573 (6th Cir.2002); *see also Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 324 (6th Cir.1990). "The plaintiff must establish subject matter jurisdiction by a preponderance of the evidence." *Renou*, 32 F. Supp. 3d at 860 (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936)).

### III. Analysis

Federal courts are courts of limited jurisdiction. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between (1) citizens of different States." Federal courts rigorously enforce Congress' intent to "drastically [ ] restrict federal jurisdiction in controversies between citizens of different states." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *Id.* at 289.

Defendant argues that the amount in controversy is less than $75,000 because the unpaid severance figures range from $250.00 to $5,722.21, and total $35,869.75. Plaintiffs' first responsive argument urges the Court to aggregate their claims to determine the amount in controversy.

The amount in controversy requirement has traditionally been interpreted such that "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). "The Supreme

Court recognizes a limited exception to this anti-aggregation principle for cases where 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Sidling & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014) (quoting *Snyder*, 394 U.S. at 335). The Sixth Circuit recently considered two principles, introduced in other circuit courts, to guide the court's claim aggregation analysis. *Sidling*, 764 F.3d at 369. First, it considered whether "plaintiffs share a 'joint interest in [a] fund, such that . . . plaintiffs' rights are . . . affected by the rights of co-plaintiffs.'" *Id.* (quoting *Travelers Prop. Cas. v. Good*, 689 F.3d 714 (7th Cir. 2012)). Second, the court "examined the 'nature of the right asserted,' framing the relevant inquiry as whether the class members shared a 'pre-existing (pre-litigation) interest in the subject of the litigation' – and not simply 'whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs.'" *Id.* (quoting *Travelers*, 689 F.3d at 722 (quoting *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1427 (2d Cir. 1997))). The Sixth Circuit reiterated that "claim aggregation requires a pre-existing (pre-litigation) interest in the subject of the litigation instead of a single pool of money that will be allocated among the plaintiffs." *Id.* at 372 (internal quotations and citations omitted).

Here, plaintiffs do not establish union to enforce a single title or right in which they have a common and undivided interest. If liable for an additional payment totaling one-half week wages for each year of service, defendant would pay each plaintiff a different fee. There are no allegations that defendant shall pay from a common fund, such that payment to one plaintiff impacts payment to another plaintiff. Moreover, there are no allegations that plaintiffs' shared a pre-existing interest in the subject of the litigation. Instead, it merely appears that plaintiffs joined together for convenience, brought separate and distinct claims, and, if they were to receive a judgment, would receive a single pool of money to be allocated amongst themselves. As such, plaintiffs' may not aggregate their claims to establish subject matter jurisdiction.

The Court must therefore consider whether the claims of any single plaintiff satisfy the amount in controversy requirement. If just one plaintiff states claims "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), then 28 U.S.C. § 1367(a) "confers supplemental jurisdiction over" the claims of the other plaintiffs, even "those that do not independently satisfy the amount in controversy requirement, if the claims are part of the same Article III case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005).

Plaintiffs ask the Court to consider economic damages, attorney's fees, exemplary damages, and non-economic damages. Plaintiffs' briefs also refer to punitive damages. In Michigan, depending on the cause of action, a plaintiff may seek compensatory damages, exemplary damages, punitive damages, and attorney's fees. If warranted by the circumstances, such damages may be considered in determining the amount in controversy. *S. States Police Benevolent Ass'n, Inc. v. Second Chance Body Armor, Inc.*, 336 F. Supp. 2d 731, 734 (W.D. Mich. 2004).

Compensatory damages include both economic and non-economic loss caused by a defendant. Compensatory damages "include compensation for mental distress and anguish." *Veselenak v. Smith*, 414 Mich. 567, 574 (1982). Mental distress and anguish include shame, mortification, mental pain and anxiety, annoyance, discomfiture, and humiliation. *Id.* (citing *Beath v. Rapid R. Co.*, 119 Mich. 512, 517 (1899); *Grenawalt v. Nyhuis*, 335 Mich. 76, 87 (1952)). The highest economic damage of a single plaintiff appears to be $5,722.21. Plaintiffs do not assert otherwise. Furthermore, the complaint and plaintiffs' brief in response to defendant's motion to dismiss fail to allege mental distress or anguish.

Exemplary damages are a category of damages distinct from "ordinary [compensatory] damages for mental distress," *see id.* at 572, and punitive damages. *In re Disaster at Detroit Metro. Airport on Aug. 16, 1987*,

750 F. Supp. 793, 805 (E.D. Mich. 1989). "[E]xemplary damages are recoverable as compensation to the plaintiff, not as punishment of the defendant." *Kewin v. Mass. Mut. Life Ins. Co.*, 409 Mich. 401, 419 (1980). Exemplary damages "are not necessary where plaintiffs' injuries can be adequately compensated in other ways." *In re Rospatch Sec. Litig.*, No. 1:90-CV-805, 1992 WL 226912, at *16 (W.D. Mich. July 8, 1992). "[P]laintiffs must specifically plead exemplary damages." *Id.*

Exemplary damages require "tortious conduct on the part of the defendant." *Kewin*, 409 Mich. at 419. They are "designed to compensate plaintiffs for humiliation, outrage and indignity resulting from a defendant's willful, wanton, or malicious conduct." *In re Disaster at Detroit Metro. Airport*, 750 F. Supp. at 805. But, even if a defendant's conduct is willful, wanton, or malicious, courts do not award exemplary damages for injuries to feelings that are "duplicative of the award of ordinary [compensatory] damages for mental distress and anguish." *Veselenak*, 414 Mich. at 572.

"In cases involving only a breach of contract, however, the general rule is that exemplary damages are not recoverable." *Kewin*, 409 Mich. at 419-20. "Just as with that denying damages for mental distress, the theory underlying the denial of exemplary damages in breach of contract cases is that the plaintiff is adequately compensated when damages are awarded by reference only to the terms of the contract." *Id.* at 420. "In the

commercial contract situation, unlike the tort and marriage contract actions, the injury which arises upon a breach is a financial one, susceptible of accurate pecuniary estimation. The wrong suffered by the plaintiff is the same, whether the breaching party acts with a completely innocent motive or in bad faith." *Id.* Thus, "absent allegation and proof of tortious conduct existing independent of the breach [ ] exemplary damages may not be awarded in common-law actions brought for breach of a commercial contract." *Id.* at 420-21 (internal citation omitted).

The Court cannot include any exemplary damages in its determination of the amount in controversy. First, plaintiffs are prohibited from collecting exemplary damages on their breach of contract claim. *Kewin*, 409 Mich. at 419-21. Second, plaintiffs have not specifically pleaded exemplary damages. *In re Rospatch*, 1992 WL 226912 at *16. As such, it is unclear that plaintiffs' injuries cannot be adequately compensated in other ways. *Id.* Plaintiffs' have also failed to allege willful, wanton, or malicious conduct. *In re Disaster at Detroit Metro. Airport*, 750 F. Supp. at 805. Plaintiffs further failed to establish that exemplary damages would not be duplicative of compensatory damages. *Veselenak*, 414 Mich. at 572. Finally, the Court dismisses plaintiffs' argument that they may collect exemplary damages because of their harassment and discrimination claim. Plaintiffs' original complaint does not include any claims for harassment or

discrimination. Plaintiffs' sought leave to amend their complaint to include a claim under Title VII, 42 U.S.C. § 1981, and/or the Elliott-Larsen Civil Rights Act. (Doc. 12 and 13). The Court, however, denied plaintiffs' requests for leave to amend. As such, plaintiffs' argument fails.

The Court shall also decline to consider a punitive damages figure. It is not clear whether plaintiffs' refer to punitive damages as exemplary damages or as a separate category of damages. As stated above, the two figures are distinct. *Veselenak*, 414 Mich. at 574. If plaintiffs' reference to punitive damages was a misstated reference to exemplary damages, the argument fails for the reasons stated above. Out of an abundance of caution, however, the Court shall consider a separate and distinct request for punitive damages. Any such request, however, fails because plaintiffs have not pleaded punitive damages nor established that they are applicable to the seven claims in plaintiffs' complaint.

Plaintiff also argues that the Court should aggregate the punitive and exemplary damages for each plaintiff in order to find an amount in controversy in excess of $75,000. Plaintiff relies on out of circuit precedent; some of which has been abrogated by subsequent cases. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). In addition to its poor substantive support, plaintiff's argument fails because, as stated above,

plaintiffs have not established union to enforce a single title or right in which they have a common and undivided interest.

Finally, the Court cannot consider attorney's fees because plaintiffs' have not established that attorney's fees apply to any of their seven claims. Plaintiffs' brief contemplates attorneys' fees in connection to their proposed claim under the Elliott-Larsen Civil Rights Act, but, as stated above, the Court denied plaintiffs' motion for leave to amend their complaint to add this claim.

As such, plaintiff's argument distills to economic damages ranging from $250.00 to $5,772.21 and an unspecified figure for non-economic damages. In order to satisfy the amount in controversy requirement, plaintiff Jones, the individual with the largest proposed economic damages figure, would need to collect at least $69,277.80. The other plaintiffs would need to collect even larger sums of non-economic damages. The complaint does not include any details regarding mental distress or anguish. As such, the Court concludes that, from the face of the pleadings, it is apparent that any one plaintiff cannot recover an amount greater than $75,000.00. The court further finds that plaintiffs' claims were not made in good faith, but rather, made solely to confer jurisdiction.

## IV. Conclusion

For the reasons stated above, defendants' motion is GRANTED. Plaintiffs' case is dismissed for lack of subject matter jurisdiction.[2]

Without subject matter jurisdiction, the Court cannot rule on the merits of plaintiffs' pending motion for partial summary judgment. (Doc. 19). As such, plaintiffs' motion is DENIED as moot.

IT IS SO ORDERED.

Dated: August 1, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 1, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[2] Plaintiffs requested that the Court remand the case should it find jurisdiction lacking. But the Court may only remand cases that were removed to federal court after being filed in state court. *See 28 U.S.C. § 1447(c).* The Court cannot remand a case, like plaintiffs', that was originally filed in federal court.